G. Thomas Martin, III, Esq. (SBN 218456)
**PRICE LAW GROUP, APC**
15760 Ventura Blvd., Suite 1100
Encino, CA 91436
T: (818) 907-2030; F: (818) 205-2730
tom@pricelawgroup.com

Attorneys for Plaintiff
Debra G. Meadows

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBRA G. MEADOWS<br><br>    Plaintiff,<br><br>vs.<br><br>NATIONAL RECOVERY AGENCY;<br>and DOES 1 to 10, inclusive,<br><br>    Defendants. | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**(Unlawful Debt Collection Practices)**<br><br>**Demand Does Not Exceed $10,000** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I.   INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff, DEBRA G. MEADOWS, an individual consumer, against Defendant, NATIONAL RECOVERY AGENCY ("NRA"), for violations of the Fair Debt Collection

Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") and Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 *et seq.* ("RFDCPA"), which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331, 1337 and 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the Defendant transacts business here and Defendant's collection communications were received by Plaintiff in this District.

## III. PARTIES

3. Plaintiff, Debra G. Meadows, is a natural person with a permanent residence in Siskiyou County, California 96094. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3) and is a "debtor" as defined by Cal. Civ. Code § 1788.2(h).

4. Defendant, NRA, is an entity engaged in the business of collecting debt in this state and in several other states, with its principal place of business located at 2491 Paxton St., Harrisburg, PA 17111. The principal purpose of Defendant is the collection of debts in this state and several other states, and Defendant regularly attempts to collect debts alleged to be due another.

5. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6), and RFDCPA, Cal. Civ. Code § 1788.2(c).

## IV.   FACTUAL ALLEGATIONS

6. The debt Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment. As such, it qualifies as "debt," as defined by 15 U.S.C. § 1692a(5) and "consumer debt," as defined by Cal. Civ. Code § 1788.2(f).

7. Plaintiff filed a Chapter 7 Bankruptcy Petition on August 31, 2011, in the Eastern District of California, bearing case number 11-41294. Plaintiff obtained a discharge on January 3, 2012.

8. In connection with the collection of the alleged debt, Defendant started to place phone calls to Plaintiff on or about November 4, 2011, in violation of the automatic stay.

9. Below is a partial list of the calls placed to Plaintiff after she filed her case:

```
11-04-2011  @  2:00 P.M.
11-05-2011  @  10:03 A.M.
11-19-2011  @  1:28 P.M.
11-21-2011  @  1:02 P.M.
11-23-2011  @  (Not Available)
```

10. The phone calls came from telephone number 703-436-1298.

11. In all the communications, Defendant failed to identify itself as a Creditor, or to inform Plaintiff that any information obtained could be used for purposes of collecting a debt.

12. The natural consequences of Defendant's statements and actions were to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

13. The natural consequences of Defendant's statements and actions were to cause Plaintiff mental distress.

## V.    FIRST CLAIM FOR RELIEF

**(Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*)**

14. Plaintiff repeats and re-alleges and incorporates by reference to the foregoing paragraphs.

15. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

(a) Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt; and

(b) Defendant violated *§1692e* of the FDCPA by using a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt; and

(c) Defendant violated *§1692e(10)* of the FDCPA by using false representation or deceptive means in connection with the collection the alleged debt;

(d) Defendant violated *§1692e(11)* of the FDCPA by failing to disclose in any communications subsequent to the initial communication that said subsequent communication is from a debt collector; without said subsequent communication being a formal pleading made in connection with a legal action; and

(e) Defendant violated *§1692c(a)(2)* by contacting Plaintiff directly when Defendant knew that Plaintiff was represented by an attorney with respect to the debt, and had knowledge of the attorney's name and address.

## VI. <u>SECOND CLAIM FOR RELIEF</u>

**(Violation of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq.*)**

16. Plaintiff repeats and re-alleges and incorporates by reference to the foregoing paragraphs.

17. Defendant violated the RFDCPA. Defendant's violations include, but are not limited, to the following:

(a) Defendant violated *Cal. Civ. Code § 1788.11(d)* of the RFDCPA by causing a telephone to ring repeatedly or continuously to annoy the person called; and

(b) Communicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute an harassment to the debtor under the circumstances.

(c) Defendant violated *Cal. Civ. Code § 1788.17* of the RFDCPA by failing to comply with *§ 1692 et seq.* of the FDCPA, as noted above.

18. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

19. As a result of the foregoing violations of the FDCPA and RFDCPA, Defendant is liable to the Plaintiff, DEBRA G. MEADOWS, for declaratory judgment that Defendant's conduct violated the FDCPA and RFDCPA, actual damages, statutory damages, and costs and attorney fees.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant, NATIONAL RECOVERY AGENCY, for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA and RFDCPA;

B. Actual damages;

C. Statutory damages pursuant to 15 U.S.C. § 1692k and Cal. Civ. Code § 1788.30;

D. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k and Cal. Civ. Code § 1788.30;

E. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

F. For such other and further relief as the Court may deem just and proper.

## VII. DEMAND FOR JURY TRIAL

Please take notice that Plaintiff, Debra G. Meadows, demands trial by jury in this action.

RESPECTFULLY SUBMITTED,

DATED: August 27, 2012          PRICE LAW GROUP APC

By: _____
G. Thomas Martin, III
Attorney for Plaintiff